## In re Barbara Ann BROWN, Debtor.

### No. 04–41830–659.

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

April 11, 2005.

William R. Piper, St. Louis, MO, for creditor.

John V. LaBarge, Jr., St. Louis, MO, Chapter 13 Trustee.

Suzanne R. Reinhold, St. Louis, MO, for debtor.

J. Ward Holliday, Dallas, TX, for creditor.

### *ORDER*

KATHY A. SURRATT–STATES, Bankruptcy Judge.

The matters before the Court are Debtor's Objection to Claim 1 of Premier Auto Finance LP and Claimant's Response to Objection of Proof of Claim. Debtor's reference to Claim 1 is incorrect in that the claim filed by Premier Auto Finance LP is Claim 8. A hearing on this matter was held on February 14, 2005, at which Debtor appeared in person and by counsel and creditor appeared by counsel. Debtor

gave testimony and each party submitted written appraisals in support of their respective positions. The pertinent facts are set out below.

Debtor Barbara Ann Brown ("Debtor") filed for relief under Chapter 13 on February 13, 2004. On May 26, 2004, Creditor Premier Auto Finance LP ("Creditor") filed Claim No. 8 in the amount of $5,439.32 secured and $1,031.52 unsecured regarding the debt for Debtor's 1996 Chevy Corsica ("the Automobile"). Debtor subsequently filed an objection to Creditor's Claim on August 2, 2004 ("Debtor's Objection"). Debtor's Chapter 13 Plan was confirmed on April 13, 2004. Debtor's Objection was originally set for hearing on October 14, 2004, at which time the parties announced the matter was settled. The Court entered an Order that Debtor's counsel believed to be the agreement between the parties on December 10, 2004. Creditor subsequently filed a Motion to Vacate Order and Reconsider Debtor's Objection on December 16, 2004, and set the matter for hearing on January 20, 2005. The Court granted Creditor's Motion to Vacate on January 20, 2005. The hearing on Debtor's Objection was held on February 14, 2005.

Creditor's Proof of Claim Worksheet states that the net amount due is $6,470.84 consisting of NADA Value of Collateral of the Automobile of $2,475.00, credit life and/or warranty of $2,964.32 for a total secured claim of $5,439.32 and an unsecured claim of $1,031.52. Creditor also submitted an appraisal that showed a NADA retail value of $1,850.00 with a repair estimate of $528.97 to paint the front and rear bumpers due to impact related damage. The car evaluation sheet attached to the written appraisal also noted a $300.00 deduction for high mileage.

Debtor's position is that the claim should be denied as filed and allowed as a secured claim in the amount of $975.00, which was the settlement amount. Debtor states that the Automobile is worth only $375.00, based on her appraisal. Debtor's appraisal notes that the paint is in poor condition with scratches and chips. Debtor submitted a proposal to settle the matter to the Creditor for $975.00. The Court weighs each argument and reaches a conclusion below.

This Court has jurisdiction over the parties and subject matter of this proceeding under 28 U.S.C. §§ 151, 157, and 1334 and Local Rule 81–9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(K), which the Court may hear and determine. Venue is proper in this District under 28 U.S.C. § 1409(a).

The issue is which method of valuation most closely approximates the true value of the Automobile. Commensurate with the holdings in *Associates Commercial Corp. v. Rash*, 520 U.S. 953, 117 S.Ct. 1879, 138 L.Ed.2d 148 (1997) and *In re Trimble*, 50 F.3d 530 (8th Cir.1995), this Court has held that the replacement value of an automobile lies in its retail value as of the date of confirmation since this type of proceeding arises out of § 1325(a)(5)(B)(i)-(ii). *In re Hill*, 311 B.R. 521, 524 (Bankr.E.D.Mo.2004). Retail value in the District is determined by L.B.R. 3015–3(J) (2004). Pursuant to L.B.R. 3015–3(J), "the value of such vehicles shall be construed based on the evidence presented in conjunction with the Court's Vehicle Valuation Policy (the 'Policy')". The Policy requires that the value of a vehicle be equal to 95% of the National Automobile Dealers Association (NADA) (Central Edition) (the "NADA Guide") retail value for the first three years of age, and 2% deduction for each year thereafter up to and maximum deduction of 15% if neither party presents any conflicting evidence to challenge such value.

In the case at bar, Debtor hired a company that typically uses liquidation value as the basis for its valuation and not retail value as required by the Policy. This practice is appropriate in Chapter 7 cases where liquidation value is sufficient; however, this is a Chapter 13 case where retail value as opposed to liquidation value must serve as the basis for valuation. Debtor's valuation therefore fails to comport with the NADA Guide as provided by the Policy, so Debtor failed to properly follow the Policy as set out in the local rules of this District. Consequently, the Court rejects Debtor's valuation of the Automobile since Debtor purports to use a liquidation value of the Automobile.

However, the Court finds Creditor's appraisal of $1,850.00 persuasive but not conclusive and will therefore apply the Policy to the facts in this case. Debtor's Chapter 13 Plan was confirmed in April 2004, so use of the January through April 2004 edition of the NADA Guide is appropriate to determine the retail value of the Automobile. Applying the procedure set forth in the Policy, the NADA Guide's base retail value of the Automobile is $2,350.00.

There were approximately 122,000 miles on the Automobile in September of 2004, when Creditor conducted its appraisal. This was five months after confirmation of Debtor's Chapter 13 Plan. Using an average of 15,000 miles per year, there would be 1,250 miles per month; so in five months there would be 6,250 miles to deduct from 122,000 miles to give an approximate mileage of 115,750 miles at the time of confirmation. The NADA Guide allows retail value to be adjusted to reflect usually high or low mileage. The NADA Guide states that $800.00 be deducted for high mileage, which adjust the retail value down from $2,350.00 to $1,550.00.

The Policy thereafter requires vehicle value to be equal to 85% of the retail value given in the NADA Guide due to the age of the Automobile. It is 8 years old so there is an initial reduction to 95% for the first three years, plus an additional 10% reduction that is a result of 2% per year for 5 years. At the time of confirmation the Automobile has a retail value of $1,550.00 after making the appropriate adjustments. The Automobile's value is therefore adjusted down from $1,550.00 to $1,317.50, which reflects 85% of the NADA Guide's retail value pursuant to the Policy. Furthermore, there is sufficient evidence in Creditor's appraisal estimating a cost of $528.97 to paint the bumpers. The difference between $1,317.50 and $528.97 equals $788.53. Therefore,

**IT IS ORDERED THAT** Debtor's Objection to Claim Filed by Premier Auto Finance LP is SUSTAINED, in that Premier's claim is allowed as a secured claim in the amount of $788.53 and an unsecured claim in the amount of $5,682.31.